UNITED STATES, Appellee

v

STEPHEN J. TALTY, Second Lieutenant,
U. S. Marine Corps, Appellant

17 USCMA 491, 38 CMR 289

No. 20,911

April 26, 1968

*Major L. G. Bohlen,* USMC, was on the pleadings for Appellant, Accused.
Accused.

*Captain John J. Kelly, Jr.,* USMCR, was on the pleadings for Appellee,
United States.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Chu Lai, Republic of Vietnam, charged with being an accessory after the fact and making a false official statement, in violation of Articles 78 and 107, Uniform Code of Military Justice, 10 USC §§ 878 and 907, respectively. He pleaded not guilty to both charges. He was found not guilty of the former but guilty of the latter. He was sentenced to dismissal. The convening authority approved the sentence. The board of review was divided in opinion. The minority member believed the accused had been on "tacit probation" and that the dismissal should be commuted to a loss of numbers; thus, he would affirm only so much of the sentence as provided for a loss of three hundred numbers in rank. The two majority members of the board affirmed the findings and the sentence with these words:

"Appellate defense counsel has assigned as error that the sentence to a dismissal is inappropriately severe for this accused. We consider that the assignment has merit under the particular facts and circumstances of the offense of which he was guilty.

"Accordingly, it is recommended that appropriate authority suspend the sentence to dismissal on probation for an appropriate period of time with the view to ultimate remission."

We note, parenthetically, that higher authority has taken no action on the above recommendation.

This Court granted appellant's petition for review to consider the question

**491**

of whether the board of review erred by failing to set aside the dismissal, after determining that the sentence was inappropriately severe.

Where the board believes dismissal to be not an appropriate punishment, clearly the affirmance of that sentence cannot be permitted to stand. Under such circumstances, they may, without question, reduce a sentence of dismissal to a "less onerous penalty." We so stated in United States v Russo, 11 USCMA 352, 357, 29 CMR 168.

The following, taken from United States v Cavallaro, 3 USCMA 653, 656, 14 CMR 71, is still appropriate:

". . . there is a duty on members of boards of review to act within their own sphere and they should not approve a sentence they consider excessive and then appeal to others to reduce. All persons who have any responsibility in fixing, affirming, or reviewing sentences should meet their responsibility by adjudging or affirming a fair and just sentence without regard to any further reductive action that might be taken by others who will subsequently act on the record."

The record of trial is returned to the Judge Advocate General of the Navy for reference to the board of review for consideration of the sentence in light of the views we herein express.

Chief Judge QUINN and Judge FERGUSON concur.