**34**

UNITED STATES, Appellee,

v.

Victor L. CROSS, Private, U.S.
Army, Appellant.

No. 38,991.
CMR No. 438516.

U. S. Court of Military Appeals.

Nov. 17, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Lawrence D. Galehouse, Captain Robert M. Twiss* and *Lieutenant Colonel John F. Lymburner.*

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Major Robert B. Williams* and *Captain James A. Pritchett.*

*Opinion of the Court*

PER CURIAM:

Appellant was tried by general court-martial for the offenses of possession of heroin and marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Contrary to his pleas, he was found guilty as charged, and was sentenced to a bad conduct discharge, confinement for 3 years, forfeitures of $300.00 pay per month for 36 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The United States Army Court of Military Review affirmed without opinion. We granted review to consider the following issues:

> 1) WAS THE INSTRUCTION ON REASONABLE DOUBT ADEQUATE AND SUFFICIENT?
> 2) WHETHER THE TRIAL JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ADMITTING INTO EVIDENCE PROSECUTION EXHIBIT 6, RECORD OF NONJUDICIAL PUNISHMENT?

I

Upon further consideration of whether the judge's instructions on reasonable doubt were adequate, we find our recent decision in *United States v. Salley,* 9 M.J. 189 (C.M.A.1980), dispositive against the appellant, since the instructions on reasonable doubt were not objected to by the defense.

II

As to admissibility of prosecution exhibit 6, which is an Article 15 record on DA Form 2627, *United States v. Mack,* 9

M.J. 300 (C.M.A.1980), and *United States v. Negrone*, 9 M.J. 171 (C.M.A.1980), compel decision in the appellant's favor since two infirmities appear on the face of the exhibit. First, the accused's signature under block 6, which signifies that trial by court–martial is not elected, is completely indiscernible. Second, in the appeals section of the form, where it was indicated that he did not want to appeal, the space provided thereunder for his signature appears almost blank. Therefore, in accordance with the cited cases, prosecution exhibit 6 should not have been received into evidence for sentencing purposes, since it is impossible to determine whether the form was properly completed.

### III

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reassessment of the sentence.