UNITED STATES, Appellee,

v.

Tony CARMANS, Private, U. S.
Army, Appellant.

No. 39,072.

SPCM 13972.

U. S. Court of Military Appeals.

Nov. 24, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr.; Major Charles A. Byler; Captain Julius Rothlein* (on brief).

For Appellee: *Colonel R. R. Boller; Major Douglas P. Franklin; Major Robert B. Williams; Captain Lawrence W. Fitting* (on brief).

*Opinion of the Court*

PER CURIAM:

On March 23, 1979, appellant was tried at Fort Sill, Oklahoma before a special court–martial. He was found guilty of larceny, in transgression of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, and sentenced to a bad–conduct discharge, confinement at hard labor for 3 months, and forfeiture of $279.00 pay per month for 3 months. The findings and sentence were approved by all intermediate reviewing authorities. We then granted review to consider the following issues:

1. Was the instruction on reasonable doubt adequate and sufficient?

2. Whether the military judge erred by admitting prosecution exhibit 5, record of proceedings under Article 15, UCMJ, without a showing that those proceedings complied with the requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977)?

Upon further consideration of the first issue, we find our recent decision in *United States v. Salley*, 9 M.J. 189 (C.M.A.1980), dispositive against the appellant, since the instructions on reasonable doubt were not objected to by the defense.

In connection with the second granted issue, we must now determine the admissibility of the exhibit in light of our recent decision in *United States v. Mack*, 9 M.J. 300 (C.M.A.1980).

Prosecution exhibit 5–DA form 2627–was admitted into evidence for sentencing purposes. The only part of the exhibit that was not completed was block 12; there the accused, who had appealed his nonjudicial punishment, should have signed his name to indicate that "I have seen the action taken on my appeal." However, this omission is not so critical as other omissions on the form would be; before this point on the form the accused had made all elections available under the Article 15 procedure. Certainly, the omission of the accused's signature in block 12 does not indicate in any way that he had not been supplied with adequate information about his opportunity

to consult with an attorney before choosing between nonjudicial punishment and trial by court–martial. Nor does it demonstrate that his appeal of nonjudicial punishment was not properly acted on. *See United States v. Mack, supra* at 321–24. Therefore, this exhibit should not be excluded merely because block 12 was not signed by the accused. *Cf. United States v. Negrone,* 9 M.J. 171 (C.M.A.1980).

The decision of the United States Army Court of Military Review is affirmed.