UNITED STATES

v.

**Airman Basic James D. ANDERSON, Jr.,
FR 240–92–8274 United States
Air Force.**

**ACM S25243.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 April 1981.

25 Sept. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

Accused, pursuant to his pleas, stands convicted of three specifications of making false official statements in violation of Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907. He was sentenced to a bad conduct discharge.

The first error asserted by appellate defense counsel is that the plea was improvident because the specifications do not allege an offense under Article 107 of the Code. They contend that since the accused, during

the *Care* inquiry, admitted falsely signing the name of another to the documents in question, the gravamen of the offense was forgery, and as such the offense should be charged under Article 123, 10 U.S.C. § 923. We disagree.

■ Paragraph 186 of the Manual for Courts-Martial, 1969 (Rev.), contemplates the signing of documents as a basis for making a false official statement. The fact that the falsity alleged was a spurious signature does not withdraw the act from the scope of Article 107. *United States v. Pineo,* 31 C.M.R. 347 (A.B.R. 1961), *pet. denied* 31 C.M.R. 314; see also *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980).

The second assigned error urges that the military judge erred in admitting two records of nonjudicial punishment and a vacation proceeding over the objections of defense counsel. Defense counsel contended that the first Article 15, 10 U.S.C. § 815, was incomplete on its face and thus inadmissible in accordance with *United States v. Negrone,* 9 M.J. 171 (C.M.A. 1980) and *United States v. Cross,* 10 M.J. 34 (C.M.A. 1980).

At trial it was established that the commander failed to sign the first page of Prosecution Exhibit 16, an AF Form 3070, Notification of Intent to Impose Nonjudicial Punishment, dated 20 November 1978. The endorsement returned by the accused a week later clearly established he was fully aware of his rights under Article 15 and his right to demand trial. After a personal hearing, punishment was imposed and the accused so informed. He did not appeal.

■ The military judge found that the failure of the commander was a procedural error which did not violate any due process rights. While we do not condone such inattention to important matters, we likewise conclude that the missing signature was a procedural error. In *Negrone, supra* and *Cross, supra* the omissions went to the core of the accused's rights under Article 15 and the issue of whether he wished to demand trial. Here the accused was fully informed,

counsel was provided and a personal hearing was held. There is no question that the commander did, in fact, intend to impose nonjudicial punishment, and that the accused knew such when he accepted such punishment. Thus, the administrative error did not prejudice the accused.

Prosecution Exhibit 17 is a record of nonjudicial punishment, imposed on 22 February 1980, and Prosecution Exhibit 18 a record of proceedings to vacate the suspended punishment imposed earlier. The "Notification of Intent to Impose Nonjudicial Punishment" was signed on 24 January 1980, by Major James R. Young II, the commander. The punishment was accepted by the accused and imposed on 22 February 1980, by Lieutenant Colonel Paul McCartin, Jr., the successor commander. At trial the defense counsel contended that Prosecution Exhibit 17 was not completed in accordance with Air Force Regulation 111–9, Non Judicial Punishment, 17 July 1979, para. 6h(1–2) in that the accused was not notified in *writing* that a different commander would impose punishment. The military judge found that the accused was verbally *told,* thus placed on actual notice; and that therefore, the lack of *written* notice was non-prejudicial.

■ The military judge erred in this regard. Air Force Regulation 111–9, *supra,* created a substantive right for the accused in requiring that Article 15 recipients be notified in *writing* whenever the commander imposing the punishment is different than the one signing the letter of notification. The Air Force must abide by its own regulations when the intent of such regulations is the protection of personal rights. *United States v. Russo,* 50 C.M.R. 650 (C.M.A. 1975). Prosecution Exhibit 17, a record of nonjudicial punishment imposed on 22 February 1980, and Prosecution Exhibit 18, a proceeding to vacate that punishment, should not have been admitted into evidence.

■ We have considered the remaining assignment of error and resolved it adverse-

ly to the accused. We have reassessed the sentence in light of our ruling that the judge erred in admitting Prosecution Exhibits 17 and 18. Considering the accused's entire record, we find the imposition of a bad conduct discharge entirely appropriate. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.