UNITED STATES, Appellee,

v.

Private (E–1) Gregory S. EBLING, SSN 213–84–5060, United States Army, Appellant,

and

Private (E–1) Jerry A. Williams, SSN 310–82–1237, United States Army, Appellant.

CM 440694.

U. S. Army Court of Military Review.

21 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Jerome E. Kelly, JAGC, and Captain Edmund S. Bloom, JAGC, were on pleadings for appellant EBLING.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Major Robert C. Rhodes, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant WILLIAMS.

Counsel for the appellee declined to file pleadings.

Before FULTON, CLAUSE and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Ebling and Williams lived in the same barracks at Fort Knox, Kentucky. During the Army training holiday period marked by Christmas 1980, they together broke into several rooms in their barracks and stole property belonging to the occupants, most of whom were away on leave for the holidays.

Separately charged with their various offenses, they were tried in common before a general court-martial judge. We are reviewing their convictions and sentencing on pleas of guilty to charges of housebreaking with intent to commit larceny, and larceny. Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930 (1976).

Williams has assigned no errors pertaining to his trial and the Court has found none. Nor do the errors assigned by Ebling affect Williams in any way. Accordingly, as to Williams we will affirm without further comment.

Ebling complains that he has been subjected to multiplicious charges. He pleaded guilty to housebreaking by unlawfully entering room 322, which was occupied by Sergeant Rohrbough and Specialist Four Nolan, with intent to commit larceny, but he also pleaded guilty to separate specifications of larceny therein from Rohrbough and from Nolan despite the longstanding provisions of the Manual for Courts-Martial to the following effect:

> When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons. Thus, if a thief . . . goes into a room and takes property belonging to various persons, there is but one larceny, which should be alleged in but one specification.

Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 200a(8) at p. 28–52.[1] Similarly, he pleaded guilty not only to the housebreaking of room 307, occupied by Sergeant Arnold and Private First Class Crum, but to separate larcenies on that occasion from each of those two occupants.

No issue of multiplicity was raised at the trial.[2] Ebling now seeks, however, dismissal of one of the two larceny specifications related to each entry and a rehearing as to his sentence.

We first find that there was no violation of paragraph 26b of the Manual for Courts-Martial, United States, 1969 (Revised edi-

---

1. *See United States v. Gutierrez*, 42 C.M.R. 521 (A.C.M.R.1970) (en banc); *compare United States v. Brown*, 38 C.M.R. 524 (A.B.R.) *pet. denied*, 38 C.M.R. 441 (C.M.A.1967) (larcenies), *with United States v. Towns*, 39 C.M.R. 372 (A.B.R.) *pet. denied*, 38 C.M.R. 441 (C.M.A. 1968) (robberies). Similar provisions were to be found in the Manual for Courts-Martial, United States, 1951, par. 200a(7) at 361.

2. Williams, meanwhile, pleaded guilty to similar specifications of housebreaking, but pleaded guilty to only one of two specifications of larceny from within each of the two rooms. His pleas, like those of Ebling, were bargained in advance of the trial in return for the convening authority's guarantee of a specific limitation on the sentence.

tion), which proscribes unreasonable multiplication of charges stemming from what is essentially one transaction. While the lack of any objection from the appellant Ebling deprived the military judge of the opportunity to receive argument and to rule on this point, we see that the prosecution was faced with exigencies of proof. Variations, as between the two appellants, in the alleged dates of entry and even in some room numbers—stemming most probably from uncertain recollections of the victims, most of whom discovered their losses only after returning from holiday leave—bespeak an uncertainty of proof at least until offers to plead guilty were made, a stipulation was jointly agreed upon, and the pleas found factually provident by the military judge.[3]

Second, we find that multiplicity has had no effect on the appellant's (Ebling's) sentence. Rightly or wrongly,[4] the military judge, in view of agreement among the counsel, limited the maximum punishment to that authorized for the five specifications of housebreaking to which each appellant had pleaded guilty (forfeiture of all pay and allowances, dishonorable discharge, and confinement for 25 years). Accordingly, because the larcenies were assumed not to be punishable separately from the housebreakings, they did not, as it happened, figure in the computation of the maximum sentence.[5] Neither, we believe, did the fact that Ebling pleaded guilty to seven larcenies, rather than five, influence the sentence imposed by the military judge. He sentenced both Ebling and Williams, who had pleaded guilty to only five larcenies, to total forfeitures, a bad-conduct discharge, and confinement for only two years of the possible twenty-five.[6] The convening authority approved the sentences, but, in compliance with identical plea bargains, suspended in each case all confinement in excess of eight months. On this basis, we conclude that appellant Ebling is not laboring under a sentence more severe than had he pleaded guilty to larceny from only five of the seven victims.

Nevertheless, as stated above, Ebling urges this Court to disapprove findings of guilty as to one of each pair of specifications in question and he requests a rehearing on the sentence. In view of our determinations that the multiplicious charging was not unreasonable under the circumstances and that there has been no prejudicial influence on the sentence as it now stands, dismissal of valid findings has not been shown to be necessary in the interests of justice. Accordingly, we will not grant the relief requested.[7]

■ The appellant Ebling now also objects for the first time to the admission into sentencing evidence of one of two records of previous nonjudicial punishment. His

3. In addition, there may have been other exigencies since the prosecution's theory, which was explained to the appellants, was that, as to each room, one or the other of them was the actual thief and the other an aider and abetter, since one went through the belongings of the occupants while the other served as a lookout.

4. Wrongly, we think. *United States v. Alvarez,* 5 M.J. 762 (A.C.M.R.), *pet. denied,* 5 M.J. 369 (C.M.A.1978).

5. Had Ebling's larcenies not been merged with the housebreakings for punishment purposes, eight and one-half years would have been added to the total confinement authorized.

6. There was in this case no misunderstanding of the maximum sentence of such a nature as to render the pleas improvident. Ebling had been told by his counsel that the maximum confinement was 25 years based on counsel's view that the specifications of larceny merged for sentencing with those of housebreaking. See note 4, *supra.* Williams' counsel told him he risked 32 years and 6 months, but the military judge ascertained that reducing the maximum to 25 years did not affect Williams' decision to plead guilty. *See United States v. Frangoules,* 1 M.J. 467 (C.M.A.1976).

7. *Cf. United States v. Drexler,* 9 U.S.C.M.A. 405, 408, 26 C.M.R. 185, 188 (1958) (headnote 4); *see also, United States v. Sweney,* 48 C.M.R. 476, 480 (A.C.M.R.), *pet. denied,* 48 C.M.R. 1000 (C.M.A.1974). *Compare* paragraph 26*b,* Manual for Courts-Martial, United States, 1969 (Revised edition), *with* paragraph 74*b*(4) *ibidem; cf. also,* paragraph 69*f* (last sentence), *ibidem.* We reiterate (see note 6) that providence of the pleas is not at stake. *Cf. United States v. Harden,* 50 C.M.R. 354, 355 (A.C.M.R.1975), *rev'd on other grounds,* 1 M.J. 285 (C.M.A.1976).

ground is that his signatures on that record are indiscernible. One of them is sufficiently clear to us, another is not.[8] We need not consider the matter further, however, for that objection, too, should have been lodged at the trial. Mil.R.Evid. 103(a)(1), (c) (1980); *United States v. Beaudion*, 11 M.J. 838 (A.C.M.R.1981).

As to the appellant Ebling, the findings of guilty and sentence are affirmed. As to the appellant Williams, the findings of guilty and the sentence are likewise affirmed.

Judge CLAUSE and Judge COHEN concur.

---

**8.** Examination of the copy in the original record of trial leaves us no doubt that Ebling personally indicated his acceptance of nonjudicial punishment, but we cannot discern the signature of the person who elected not to appeal. *Cf. United States v. Cross*, 10 M.J. 34 (C.M.A.1980), which, however, seems to have been tried before 1 September 1980 effective date of the new Military Rules of Evidence.