**UNITED STATES, Appellee,**

v.

**Private E-1 Anthony G. SUTTLES, SSN 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, United States Army, Appellant.**

**CM 442687.**

U. S. Army Court of Military Review.

30 March 1983.

Captain William T. Wilson, JAGC, argued the cause for the appellant. With him on the brief were Captain David M. England, JAGC, and Captain Richard W. Vitaris, JAGC.

Captain Thomas E. Booth, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, and Lieutenant Colonel John T. Edwards, JAGC.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Contrary to his plea, appellant was convicted by a general court-martial composed

of officer and enlisted members of robbery in violation of Article 122, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 922 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for one year, and forfeiture of all pay and allowances. The primary issue before this Court concerns the prosecutor's improper cross-examination of the appellant on his election to remain silent after having been advised of his rights under Article 31, UCMJ, 10 U.S.C. § 831 (1976). A curative instruction was given to the court in lieu of granting the defense motion for mistrial. Under the circumstances of this case, we hold that the trial judge's instruction did not cure the error.

Appellant testified on his own behalf. At the conclusion of cross-examination and the court's examination, the prosecutor conducted recross-examination:

TC: Your Honor, the government has a question.

MJ: Go ahead.

Q. Private Suttles didn't you in fact talk to Agent Legett when you were over there at the Erlangen MP Station?

A: Yes, sir.

Q. Didn't you in fact—weren't you in fact advised of your rights by him and told that you were a suspect in a robbery?

A. Yes, sir.

Q. Didn't you at that time elect not to make any statement at all?

A. Yes, sir.

Q. Thank you.

No further questions.

This questioning by the prosecutor did not relate to any previous testimony by the appellant or any other witness. The entire colloquy was apparently triggered by the appellant correcting the prosecutor's earlier statement during cross-examination that the appellant had been apprehended.

An out-of-court hearing was held immediately and the trial defense counsel moved for a mistrial. During this hearing the appellant provided the details of why he went to the police and asked to discuss the case with a particular criminal investigator and then how he was advised of his Article 31, UCMJ, 10 U.S.C. § 831 (1976), rights and why he elected to make no statement. At the conclusion of the hearing, the trial judge forcefully ruled that the cross-examination was improper but denied the motion for mistrial and stated, "I'm going to tell the court that they will completely disregard any reference to the accused invoking his rights and we're going to move on." On recalling the court members, the trial judge instructed them:

Gentlemen, I need to talk to you a little bit. You will disregard and discount completely the statement by the accused as to—for the reason he did not make a statement to the CID Agent. You may consider the fact that he did not make a statement but the reason he did not make a statement is completely immaterial and irrelevant. Do you all understand that? Is there anyone who cannot do that? Alright.

No further comment was made by either counsel or the trial judge on this matter.

■ The trial judge was correct in ruling the cross-examination improper. Normally it is error for the prosecution to introduce evidence, even by cross-examination of an accused, of the fact that an accused invoked his right against self-incrimination. *United States v. Moore,* 1 M.J. 390 (C.M.A.1976). Furthermore, this case falls within no exception to the rule. *See, United States v. Fitzpatrick,* 14 M.J. 394 (C.M.A.1983); *United States v. Carmans,* 9 M.J. 616 (A.C.M.R.) *affirmed on other grounds,* 10 M.J. 50 (C.M.A.1980).

■ The decision by the trial judge to deny the motion for mistrial is within his sound discretion. That determination will not be reversed on appeal unless the trial judge abused his discretion under the particular facts and circumstances of the case. *United States v. Rosser,* 6 M.J. 267 (C.M.A. 1979). Whether a trial judge abuses his discretion generally will depend on the prejudicial impact of the inadmissible evidence and the quality of the curative instruction given to the court members. *United States*

*v. Ross,* 7 M.J. 174 (C.M.A.1979). In an error of constitutional dimensions that causes probable prejudice to the accused, the denial of a motion for mistrial can be correct only if a clear and convincing instruction of correction is given to the court. In this case, the trial judge's instruction for curing the prosecutor's error was ambiguous and unclear. There was no testimony before the court members on why the appellant did not make a statement. Testimony on his reason was presented solely in the out-of-court hearing. The instruction permitted the court members to consider the fact that the appellant had invoked his privilege against self-incrimination, a result prohibited by *Moore, supra.* The instruction thus was legally and factually incorrect.

■ Both counsel argued the case on the issue of the intent of the appellant to rob the victim. The prosecutor argued that the appellant knew a robbery was to take place and aided and abetted the commission of that offense. The appellant in his testimony and trial defense counsel in his argument, while admitting to the factual basis of the offense of assault and battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976), argued that the appellant did not know a robbery was to take place. The instruction permitted the court to infer from the fact of silence a guilty state of mind, or the guilty intent of the appellant, the exact issue that was contested before the court. In such circumstances, prejudice to the appellant was probable. As the cross-examination by the prosecutor probably prejudiced the appellant's constitutional rights, the failure of the trial judge to give an adequate corrective instruction was reversible error.

The error does not affect guilt as to the lesser included offense of assault consummated by a battery. As the appellant judicially admitted the facts necessary to find this offense, we will approve a violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976).

Only so much of the findings of guilty of the Specification of the Charge as finds that the appellant did, at the place and time alleged, unlawfully strike Private E-2 Charles W. Super by causing him to be pushed off his feet and fall to the ground, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976), is affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for four months and forfeiture of $300 pay per month for four months.