**UNITED STATES, Appellee,**

v.

**Private Johnny A. NEGRONE, U. S. Army, Appellant.**

CM 437533.

No. 36,986.

U. S. Court of Military Appeals.

Aug. 11, 1980.

For Appellant: *Captain Dennis E. Brower* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Major*

*Grifton E. Carden, Captain Peter A. Nolan* (on brief); *Lieutenant Colonel John F. Lymburner.*

For Appellee: *Major Robert B. Williams* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Dennis S. Cameron* (on brief); *Major Ted B. Borek.*

Opinion of the Court

FLETCHER, Judge:

During the sentencing portion of appellant's court-martial,[1] the Government offered Prosecution Exhibit 4, a record of nonjudicial punishment[2] imposed on May 16, 1977,[3] and Prosecution Exhibit 5,[4] a record of nonjudicial punishment imposed on December 27, 1977. Prosecution Exhibit 5 failed to comply with the regulation requirement that the form be completed. On examination of Prosecution Exhibit 5, we observe failure to complete item numbers 3, 4, 5 and 6, relating to appellant's rights under Article 15 and his right to demand trial under paragraph 132, Manual for Courts-Martial, United States, 1969 (Revised edition). The Army Regulation in effect at the time of this nonjudicial punishment provides that "DA Form 2627 will be used to record all actions taken under Article 15. DA Form 2627 (Record of Proceedings under Article 15, UCMJ) will be completed in all cases." Para. 3–15a, AR 27–10 (15 August 1977).[5] Thus, because of its obvious omissions, this prosecution exhibit is inadmissible.

This case is resolvable under the doctrine espoused in *United States v. Morales*, 1 M.J.

---

1. Tried in a general court-martial by military judge alone, the appellant was found guilty, contrary to his pleas, of larceny and robbery, in violation of Article 121 and 122 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 922. His sentence included a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of E–1.

2. Article 15, UCMJ, 10 U.S.C. § 815.

3. *See United States v. Syro*, 7 M.J. 431 (C.M.A. 1979).

4. Prosecution Exhibit 5 is a nonjudicial punishment imposed after *United States v. Booker*, 5 M.J. 238 (C.M.A.1977). We do not decide the implication of the *Booker* decision as to these facts, for we find the prosecution exhibit defective on other grounds.

5. *See* Appendix A.

87 (C.M.A.1975). In that case, we were compelled to reverse the lower court in its ruling of waiver when, absent objection, a trial judge allowed into evidence certain exhibits of previous misconduct containing deficiencies on their face demonstrating they were disqualified for admission. The *Morales* decision cited *United States v. Graves*, 1 M.J. 50 (C.M.A.1975), where we ruled that, "absent . . . affirmative waiver by defense counsel . . ., the trial judge was not relieved of his independent duty to take [the appropriate judicial] action" required by the evidence. We went on to reiterate our ruling in *United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), "that when 'the prosecutor's own exhibit demonstrated the absence' of a sound basis for its admission into evidence, the trial judge must exclude it despite the absence of objection by defense counsel." *United States v. Morales, supra* at 88.

Our examination of the legally inadmissible documents in *United States v. Morales,* *supra,* compelled us to agree with the lower court's "determination that . . . a more severe punishment" was a direct result of their admission. Furthermore, no indication was present as a matter of record that the defense counsel's action was for "tactical advantage." As a result, the remedy of sentence reversal was mandated.

These principles govern the instant case. Prosecution Exhibit 5 was inadmissible on its face. Here the defense was compelled to explain the inadmissible record of punishment so as to minimize the impact, and we are unable to conclude that the inadmissible item did not lead to a more severe sentence.

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reassessment of the sentence.

Chief Judge EVERETT and Judge COOK concur.