UNITED STATES, Appellee,

v.

Bennie E. GORDON, Specialist Four,
U.S. Army, Appellant.

No. 38,045.

CMR No. 438194/G.

U. S. Court of Military Appeals.

Nov. 17, 1980.

For Appellant: *Colonel Edward S. Adam-kewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles A. Byler* and *Captain Terrence L. Lewis* (on brief).

For Appellee: *Colonel R. R. Boller, Major David McNeill, Jr.,* and *Captain Brian X. Bush* (on brief).

*Opinion of the Court*

PER CURIAM:

The single issue granted in this case concerns the admissibility of an Article 15 rec-ord completed on DA Form 2627, which was received into evidence during the presentencing stage of the appellant's trial. The appellant's signature on the exhibit is almost totally illegible. Furthermore, no appellate action is shown in the appeals section of the form, even though a block was checked to indicate that an appeal had been taken by the appellant.

Clearly dispositive of the granted issue are our recent cases in *United States v. Mack,* 9 M.J. 300 (C.M.A. 1980), and *United States v. Negrone,* 9 M.J. 171 (C.M.A. 1980). As we observed in *United States v. Mack, supra* at 324:

> If an accused checks a box indicating that he appeals, then the record of nonjudicial punishment will be incomplete unless the appropriate blocks are checked by those entrusted with taking appellate action ... Unless any omissions on Form 2627 are accounted for by independent evidence, it cannot be received for sentencing purposes. *United States v. Negrone, supra.*

In the case at hand, the exhibit was admitted for sentencing consideration without any explanation being offered to account for omission of the essential information in the appellate action portion of the form. "Thus, because of its obvious omissions, this prosecution exhibit is inadmissible." *United States v. Negrone, supra.*

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review to reassess the sentence.

COOK, Judge (dissenting):

The accused was convicted of six offenses, four of which involved drug transactions. I am convinced that the trial judge was not led by the record of the Article 15 punishment to impose a more severe sentence than he would otherwise have imposed. Consequently, the alleged error was harmless, and I would affirm the decision of the United States Army Court of Military Review.