48

UNITED STATES, Appellee,

v.

Marvin D. BURL, Private, U. S. Army, Appellant.

No. 39218/AR.
CMR No. 14478/S.

U. S. Court of Military Appeals.

Nov. 24, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Carlos A. Vallecillo* and *Captain Courtney B. Wheeler* (on brief).

For Appellee: *Major Ted B. Borek, Captain Stephen D. Smith, Captain Rexford T. Bragaw, III,* and *Captain Paul K. Cascio* (on brief).

*Opinion of the Court*
PER CURIAM:

Article 15 records on DA Form 2627 were received into evidence by the military judge during the presentencing phase of the appellant's court–martial. We must now determine whether those exhibits were properly admitted into evidence for sentencing purposes.

Of the two exhibits challenged, we observe that prosecution exhibit 7 is incomplete on its face since the appellate action section was left blank, even though action was required since the exhibit indicates that the appellant appealed his nonjudicial punishment. Thus, *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), is dispositive in favor of the appellant, where we stated (at 324):

If an accused checks a box indicating that he appeals, then the record of nonjudicial punishment will be incomplete unless the appropriate blocks are checked by those entrusted with taking appellate action. . . . Unless any omissions on Form 2627 are accounted for by independent evidence, it cannot be received for sentencing purposes. *United States v. Negrone,* [9 M.J. 171 (C.M.A.1980)].

In the case at hand, the exhibit was admitted for sentencing consideration without any explanation being offered to account for the omission of the essential information in the appellate action portion of the form. "Thus, because of its obvious omissions, this prosecution exhibit is inadmissible." *United States v. Negrone, supra.*

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reassessment of the sentence.

COOK, Judge (dissenting):

The accused was convicted of attempted robbery and robbery. The Article 15 punishments determined by this Court to be inadmissible were: (1) failure to repair to a morning formation on June 20, 1979, and (2) leaving a morning formation without authority on July 27, 1979. The record of the sentence proceedings convinces me that no reasonable likelihood exists that the evidence of the Article 15 punishments led the court members to impose a sentence more severe than that they would have adjudged had the evidence not been presented to them. In his sentence argument, trial counsel stressed the serious nature of the offenses of which the accused had been convicted and called attention to the circumstances of their commission; he made no direct reference to the Article 15 punishments. As there was no reasonable risk of prejudice to the accused, I would affirm the decision of the United States Army Court of Military Review.