**52**

UNITED STATES, Appellee,

v.

Alfonso S. GUERRERO, Private First
Class, U. S. Army, Appellant.

No. 38835/AR.
CMR No. 14157/S.

U. S. Court of Military Appeals.

Nov. 24, 1980.

For Appellant: *Colonel Edward S. Adam-kewicz, Jr., Major Carlos A. Vallecillo* and *Captain John P. Young.*

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek* and *Captain Rolland S. Roup.*

*Opinion of the Court*

PER CURIAM:

On this appeal, the appellant asserts that prosecution exhibit 3 was improperly admit-ted into evidence during the presentencing portion of his court–martial. One of the reasons for his contention is that a judge advocate did not complete block 10 in the appellate action section of the form, as is required by Article 15(e), Uniform Code of Military Justice, 10 U.S.C. § 815(e). Under this provision "the next superior authority ... shall refer the case to a judge advocate ... for consideration and advice" if the accused has appealed a nonjudicial punishment which includes seven specified penalties. Among them is "reduction of one or more pay grades from the fourth or higher pay grade."

Inasmuch as prosecution exhibit 3 reflects that appellant was reduced from SP. 4 to E–3, a judge advocate was required to record his consideration and advice on the exhibit in accordance with Article 15(e) of the Code. As the Court recently said in *United States v. Mack,* 9 M.J. 300, 324 (C.M.A. 1980), "if certain punishments have been imposed, it will be necessary for the form to show the appeal was referred to a judge advocate as required by Article 15(e)." Since the omission here has not been accounted for by any independent evidence, prosecution exhibit 3 should not have been received into evidence for sentencing purposes. *United States v. Mack, supra; United States v. Negrone,* 9 M.J. 171 (C.M.A. 1980).

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reassessment of the sentence.

COOK, Judge (dissenting):

The accused was convicted by a special court–martial of housebreaking and larceny of stereo equipment from a fellow service member. The inadmissible exhibit of a previous Article 15 punishment shows that the accused's misconduct on that occasion consisted of a failure to repair. The minor nature of that offense appears from the

fact that, when tried by court–martial, the maximum punishment is confinement at hard labor for 1 month and forfeiture of two–thirds pay for 1 month. The court–martial here imposed no confinement upon the accused. I am convinced that the evidence of the Article 15 punishment did not lead the court members to adjudge a sentence more severe than they would have imposed had the evidence not been before them. I, therefore, believe that the error was harmless to the accused, and I would affirm the decision of the United States Army Court of Military Review.