**UNITED STATES, Appellee,**

v.

**Private (E–1) Dwight W. HAYNES, SSN 573–72–7011, United States Army, Appellant.**

**SPCM 15185.**

U. S. Army Court of Military Review.

26 Jan. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, Captain Melvin Abercrombie, JAGC, and Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, and Captain Karen S. Gillett, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

1. The same form is appended to Chief Judge Everett's opinion in *United States v. Mack*, 9

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted by a special court-martial of breach of correctional custody, breaking restriction, maiming, and breach of arrest, in violation of Articles 134, 124, and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 924, and 895 (1976). His sentence to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $298.00 pay per month for six months was approved by the convening authority. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

The appellant contends that the military judge erred by admitting a record of nonjudicial punishment (Department of the Army Form 2627, Record of Proceedings under Article 15, U.C.M.J., 1 November 1973, hereinafter referred to as DA Form 2627) [1] in which the appellant's election regarding an open hearing, the date nonjudicial punishment was offered, and the date of one of two offenses alleged are illegible.

When offered as an official record, a DA Form 2627 must be properly prepared to be admissible. However, as a general rule, the admissibility of an official record is not destroyed by minor mistakes or omissions which are not material to the execution of the document. *United States v. Anderten*, 4 U.S.C.M.A. 354, 359, 15 C.M.R. 354, 359 (1954).

The question to be determined in this case involves the extent to which a DA Form 2627 may contain illegible or missing entries and still be admissible.

In connection with its decision in *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), holding that a properly executed DA Form 2627 is admissible even though it does not reflect that the accused has consulted with counsel or has specifically declined to do so, the Court of Military Appeals has had sev-

M.J. 300, 325 (C.M.A.1980).

eral occasions, in deciding the same issue as the *Mack* case, to consider the admissibility of Army records of nonjudicial punishment which appeared to be incomplete or illegible.[2]

The Court has held that a DA Form 2627 is inadmissible if the action taken on an appeal is omitted or illegible, *United States v. Burl*, 10 M.J. 48 (C.M.A.1980), if the legal review of an appeal is omitted or illegible in cases requiring it, *United States v. Guerrero*, 10 M.J. 52 (C.M.A.1980), if the accused's signatures beneath his election to not demand trial and his decision to not appeal are illegible or missing, *United States v. Cross*, 10 M.J. 34 (C.M.A.1980), if the location of a lawyer and the time allowed for consulting with a lawyer is left blank or is illegible, *United States v. Mack*, 9 M.J. 300, 321 (C.M.A.1980), or if the blocks reflecting the decision to forego trial, to be accompanied by a spokesman, to submit matters in defense, extenuation or mitigation, and to request an open hearing all are blank. *United States v. Negrone*, 9 M.J. 171 (C.M.A.1980).

On the other hand, the record of punishment may be admissible even though the section acknowledging action on appeal is blank, *United States v. Carmans*, 10 M.J. 50 (C.M.A.1980), or the time limit for filing an appeal and identity of the appellate authority are left blank, *United States v. Blair*, 10 M.J. 54 (C.M.A.1980), or the block reflecting the decision to appeal is blank, if subsequent entries show appellate action, *United States v. Mack, supra* at 324 n.32.

■ If there are missing or illegible entries which would make the record of punishment inadmissible standing alone, proof of the facts normally reflected in the missing or illegible items may be made by independent credible evidence. In such a case the defective record, supplemented by the independent evidence, may be considered in sentencing. Conversely, if an accused establishes by independent credible evidence that there were substantial omissions or irregularities in the procedure for imposing punishment, the record of punishment may not be considered in sentencing even though it appears properly prepared on its face. *United States v. Mack, supra*, at 320–24.

■ In some cases, the independent evidence necessary to permit consideration of the record of punishment may be obtained through interrogation of the accused by the military judge. *See United States v. Mathews*, 6 M.J. 357 (C.M.A.1979).

■ Our review of the decisions of the Court of Military Appeals leads us to conclude that an otherwise admissible record of nonjudicial punishment which fails to reflect that the person punished was advised of the right to consult counsel before deciding whether to demand trial, fails to reflect that the right to demand trial was personally waived, fails to reflect either that the decision to not appeal was personally made or, if an appeal was made, fails to reflect the outcome of the appeal, including the legal review of the appeal in cases requiring it, may not be considered in sentencing unless the deficiency is otherwise remedied by independent credible evidence. Furthermore, a record which reflects all of the essential elements may not be considered if the accused presents independent credible evidence establishing that one of the elements was omitted from the proceedings.

■ However, otherwise admissible records which merely fail to reflect some minor procedural aspect of the proceedings, such as those involved in this case, will not render the record of punishment inadmissible in the absence of some other evidence of impropriety in the proceedings.

The first illegible entry in this case pertains to the right to an open hearing (Item

---

2. Whether the defects were in the record of punishment admitted at the trial or only in the copies substituted in the record for the documents actually examined by the trial judge and counsel is not always clear. Appellate courts must decide on the basis of the authenticated record before them. Consequently, those responsible for preparing and authenticating records of trial must insure the accuracy and legibility of any copies which are substituted for documents considered by the trial court.

6, DA Form 2627). Although a person offered nonjudicial punishment has a right to request an open hearing, the right is limited because the request may be denied if the officer intending to impose punishment concludes that "military exigencies or security interests" preclude it. Army Regulation 27–10, Legal Services, Military Justice, 26 November 1968, paragraph 3–14b. Unlike a demand for trial or an appeal, which are made and acted upon by executing the appropriate section on the record of punishment, the blocks in Item 6 of DA Form 2627 neither prove nor disprove that an open hearing, if requested, was granted or properly denied. They serve merely as a convenient method of communicating a request for an open hearing. The commander's decision regarding an open hearing is made at a later date and is not required to be reflected on the form.[3] Accordingly, we conclude that the absence of a legible entry in Item 6 of DA Form 2627 is not a material omission, and does not render the form inadmissible.

Similarly, the absence or illegibility of the dates in which various steps occurred does not affect admissibility unless impropriety is otherwise indicated. The date punishment was offered is only important if the person punished complains that he had inadequate time to consider his options, secure advice, or prepare matters on his behalf. Such a complaint would ordinarily be reflected in an appeal. No appeal was made in this case. We conclude that the lack of a legible date on which punishment was offered was not a material omission, and did not make the form inadmissible in this case.

Turning to the illegible date of one of the offenses, we believe that, while the date might be essential if an issue arose regarding double punishment for the same offense, the lack of a legible date in itself is not a material omission sufficient to make the form inadmissible in this case, especially in view of the legible description of another offense on the same form. We note that Army records of nonjudicial punishment are retained in the individual personnel records according to the date punishment is imposed rather than the date of the offense. Army Regulation 27–10, Legal Services, Military Justice, 26 November 1969, as amended by Change 18, 1 January 1979, (in effect at the time of trial) and Change 20, 15 August 1980 (currently in effect), paragraph 3–15c(3)(d)3.[4]

In this case, the trial defense counsel did not object to the record of nonjudicial punishment in spite of the illegible entries. The Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 75d, provides in pertinent part that:

If the accused objects to the data as being inaccurate or incomplete in a specified material particular, or as containing certain specified objectionable matter, the military judge shall determine the matter. *Objections not asserted shall be regarded as waived.* (Emphasis added).

The Court of Military Appeals has not invoked waiver in any cases thus far, apparently regarding the deficiencies as so fundamental as to constitute "plain error," not subject to waiver. Although we do not decide this case on the basis of waiver, we believe the failure to object to minor defi-

---

**3.** Item 4 pertaining to the presence of a spokesman at the hearing and Item 5 pertaining to the submission of evidence in defense, extenuation or mitigation are similar in that they communicate information rather than invoke a right. Whether a spokesman actually accompanies the soldier and the extent to which the spokesman is allowed to participate in the hearing are determined at the hearing itself. Similarly, what the soldier actually presents on his behalf is not controlled by his or her entries in Item 5. In both cases the right is exercised at the hearing, not on the form, and the form is not re-

quired to reflect whether or in what manner the right was exercised.

**4.** Whether the offenses for which nonjudicial punishment was imposed occurred before or after the offenses tried by the court which considered the record of nonjudicial punishment is immaterial. *United States v. Krewson*, 8 M.J. 663 (A.C.M.R.1979); *United States v. Henne*, 48 C.M.R. 500 (A.F.C.M.R.1974); *United States v. Mulheron*, 46 C.M.R. 354 (N.C.M.R. 1971).

ciencies which fall short of "plain error" will constitute waiver of such objections.[5]

In this case there are sufficient legible entries on the DA Form 2627 to establish that the appellant was accorded the right to consult with a lawyer and to demand trial by court-martial. They further show that he did not demand trial and that he did not appeal from the punishments which were imposed. Accordingly, we hold that the illegible entries in this case did not render the DA Form 2627 inadmissible.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.

**5.** We observe that, in light of the Court's willingness to permit the prosecution to supplement a record of punishment by independent evidence, the failure of the trial defense counsel to object in a case where the prosecution would be able to supply the missing information by independent credible evidence deprives both the trial court and the appellate courts of the complete record which would have been available if a timely objection had been made.