UNITED STATES, Appellee,

v.

Boris E. BENNETT, Private First Class
U. S. Army, Appellant.

No. 40,131.
SPCM 14531.

U. S. Court of Military Appeals.

Sept. 14, 1981.

For Appellant: *Major Charles A. Byler, Major James F. Nagle,* and *Captain Robert L. Gallaway* (on brief); *Lieutenant Colonel John F. Lymburner.*

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Major Robert B. Williams,* and *Captain Margaret R. LaFrance* (on brief).

## OPINION OF THE COURT

PER CURIAM:

In accordance with his pleas, a special court-martial consisting of military judge alone convicted appellant of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $296.00 pay per month for 3 months, and reduction to pay grade of E–1. The convening authority reduced the amount of the forfeiture to $224.00 pay per month for 3 months, but otherwise approved the findings and sentence. His action was affirmed by the United States Army Court of Military Review.

We granted review to determine whether a record of a proceeding under Article 15, UCMJ, 10 U.S.C. § 815, was properly admitted into evidence. The issue is raised in the following factual context. At trial, government counsel proffered the exhibit in question (pros. ex. 3) and defense counsel stated

that he had no objections to its admission into evidence. It was, thereafter, admitted by the trial judge, who noted that "a copy of this exhibit may be made and inserted in the record of trial and the original returned to the accused's 201 File."

Appellant now submits that the exhibit is not complete and the sentence adjudged should be set aside under the authority of *United States v. Negrone,* 9 M.J. 171 (C.M. A.1980). Indeed, a perusal of the copy of the exhibit which is attached to the record reflects some omissions. In *Negrone,* the Court held that an incomplete record was inadmissible on its face and should have been excluded even absent an objection by the defense. However, other factors pertain here which distinguish our holding in *Negrone.*

At trial, government counsel also proffered another record of Article 15 punishment, to which defense counsel objected on the basis that it was incomplete. The military judge sustained the objection and noted that certain portions of the proffered exhibit were illegible. He attributed the deficiencies, in part, to the fact that the records of Article 15 proceedings retained in local personnel files are "the fourth of five copies." Thus, we may presume, under the circumstances of this case, that both the military judge and defense counsel were alert to, and imposed, the requirement of completeness.

■■■ Appellate government counsel attribute the deficiencies now perceived in the exhibit in question to the fact that the copy provided to appellate authorities is actually a copy of the document submitted to the military judge at trial. Thus, appellate government counsel reason that any alleged deficiencies in the exhibit are attributable to the reproduction process in making the second generation copy rather than any failure to properly complete the record of the Article 15 proceeding. Under the unique circumstances of this case, we accept that explanation. We hasten to add, however, that we are not retreating from the rule announced in *United States v. Negrone, supra.* Absent any additional information, we must resolve the question of the admissibility of records of Article 15 proceedings on the basis of the exhibits attached to the record. We cannot speculate in a vacuum as to the quality of any reproduction process which may have been used.

The decision of the United States Army Court of Military Review is affirmed.