UNITED STATES, Appellee,

v.

Private (E–2) Kelvin C. McGARY, SSN 439–21–3790, United States Army, Appellant.

SPCM 15950.

U. S. Army Court of Military Review.

10 Dec. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert C. Rhodes, JAGC, Captain Dennis E. Brower, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major Ted B. Borek, JAGC, Major John T. Edwards, JAGC, and Major John T. Meixell, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of three specifications of possession of marihuana and two specifications of sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced by the military judge to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $334.00 pay per month for three months, and reduction to Private E–1. The convening authority approved the sentence.

The appellant contends that a record of nonjudicial punishment (Prosecution Exhibit 4) was inadmissible because it failed to reflect the legal review by a judge advocate, even though the punishments imposed required such a review prior to adjudication of appellant's appeal from the punishment. See Article 15(e), Uniform Code of Military Justice, 10 U.S.C. § 815(e) (1976). He further contends that the defect in Prosecution Exhibit 4 was "plain error" which was not waived by the trial defense counsel's failure to make a timely and specific objection. See Mil.R.Evid. 103(a), (d).

The appellant relies on *United States v. Guerrero*, 10 M.J. 52 (C.M.A.1980), which held a record of nonjudicial punishment inadmissible for failure to reflect the required legal review by a judge advocate. *See also United States v. Mack*, 9 M.J. 300, 324 (C.M.A.1980). We believe that a different result is required in this case, because, unlike *Guerrero* and *Mack*, it was tried after the effective date of the Military Rules of Evidence, which contemplate a much broader waiver rule. *See United States v. Gordon*, 10 M.J. 278, 279 n.1 (C.M.A.1981); *United States v. McLemore*, 10 M.J. 238, 240 n.1 (C.M.A.1981).

While the absence of a written legal review on the form may render the form incomplete and subject to objection, it does not establish that the required legal review was not performed. Unlike the other steps in the imposition of nonjudicial punishment, which are required to be reduced to writing on the DA Form 2627, there is no requirement that the legal review be reduced to writing. While Article 15(e) and paragraph 135 of the Manual for Courts-Martial, United States, 1969 (Revised edition), require a legal review, they do not require that it be reduced to writing. Unlike paragraphs 3–12, 3–23 and 3–25 of Army Regulation 27–10,[1] which require that the action taken be recorded in the appropriate block of DA Form 2627,[2] paragraph 3–26 merely states, "When an appeal is referred to a judge advocate, he will consider the case and advise the authority who is to act on the appeal *either orally or in writing.*" (Emphasis added.)

Consequently the absence of an entry in Block 8 of DA Form 2627 establishes only that the legal review, if any, was not reduced to writing on the form. Such an omission makes the form incomplete, as would the omission of the appellant's social security number or unit or the dates of the various procedural steps. *Cf., Mack, supra,* at 322 n.29 (Omissions in a supplemental form would make it "suspect and subject to objection."). Raising the issue by appropri-

---

1. Army Regulation 27–10, Legal Services, Military Justice, 26 November 1968 (as changed).

2. DA Form 2627, Record of Proceedings under Article 15, UCMJ, 1 December 1978, shown at figure 3–2, Army Regulation 27–10, *supra.*

ate objection would be consistent with the purpose of the Military Rules of Evidence to "litigate all such matters at the trial level and to permit evidentiary foundational defects to be cured by the offering party if possible...." *United States v. Taylor*, 12 M.J. 561, at p. 562 (A.C.M.R.1981).

■ *Guerrero* and *Mack* do not hold that the absence of an entry in Block 8 of DA Form 2627 affirmatively establishes that the legal review was not performed. Those cases stand only for the proposition that proof of the required legal review is necessary to lay a proper foundation for the document. Absence of such proof is a foundational defect, frequently curable upon timely and specific objection, and waivable by failure to object. In the absence of any indication that invoking waiver will cause a miscarriage of justice, impugn the reputation or integrity of the courts or amount to a denial of a fundamental right, we hold that the defect in Prosecution Exhibit 4 was waived. Mil.R.Evid. 103(a); *see United States v. Beaudion*, 11 M.J. 838 (A.C.M.R. 1981), *pet. denied*, 12 M.J. 181 (C.M.A.1981).

■ The appellant also contends that he was prejudiced by multiplicious pleading, in that he was charged with two specifications of possession of marihuana based upon his possession of a single cache of marihuana. We disagree. Since the case involved the appellant's possession of marihuana at two different times and places and in connection with two separate transactions, the multiplicious pleading was justified by the exigencies of proof and hence not "unreasonable." We also believe that the appellant waived any multiplicity issue for findings by his failure to make a timely objection. *United States v. Huggins*, 12 M.J. 657 (A.C.M.R.1981).

■ For sentencing purposes, we presume that the military judge knew and correctly applied the law. *See United States v. Montgomery*, 20 U.S.C.M.A. 35, 39, 42 C.M.R. 227, 231 (1970); *United States v. Bethea*, 2 M.J. 892, 897 (A.C.M.R.1976). Accordingly, we find no prejudice as to sentence.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE concurs.

O'DONNELL, Judge, concurring in part and dissenting in part:

I agree with the majority that the multiplicity issue was waived. I differ, however, as to the admissibility of the record of previous nonjudicial punishment.

Although Army Regulation 27–10 is not exactly a paragon of precision in the matter, I conclude that it requires the judge advocate who acted on an appeal from punishment imposed under Article 15 of the Code to make an entry in Block 8 of DA Form 2627. This, I believe was the position taken by the Court of Military Appeals in *United States v. Guerrero*, 10 M.J. 52 (C.M. A.1980), as well as by Chief Judge Everett in *United States v. Mack*, 9 M.J. 300, 324 (C.M.A.1980).

Paragraph 3–15a, Army Regulation 27–10, 26 November 1968 (Change 20, 15 August 1980) states pertinently: "DA Form 2627 will be used to record all actions taken under Article 15. DA Form 2627 ... will be completed in all cases." To be sure, as noted by the majority, paragraph 3–26 of the regulation provides that the judge advocate may advise the appellate authority either orally or in writing. But that, in my view, does not relieve him of the responsibility of completing Block 8. It might well be that it would suffice for the judge advocate merely to note in Block 8 that he has advised the commander as required. However, to avoid confusion—and subsequent litigation—the judge advocate should include in Block 8 the minimum advice required by the regulation, *i.e.*, the appropriateness of the punishment and whether the findings were in accordance with law and regulations. In this regard, see Figure 3–2, Army Regulation 27–10.

As Block 8 was not filled in, DA Form 2627 is incomplete and inadmissible. Moreover, the defect is not waived. The absence of an entry of legal advice is affirmative evidence that the advice was not given.

*See United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), *United States v. Engle*, 3 U.S. C.M.A. 41, 11 C.M.R. 41 (1953). Under the circumstances, there was nothing to waive. The recent adoption of Rule 103 of the Military Rules of Evidence does not in my opinion change the results. *See United States v. Hancock*, 12 M.J. 685, 688 (A.C.M. R.1981) (dissenting opinion).

The issue with respect to the possession charges requires some amplification. During the providence inquiry, the appellant stated that on 5 October 1980 he stole twelve "pieces" of marihuana in the hashish form. At approximately 1715 hours on 6 October, he sold three pieces of the hashish to an undercover agent. As a result of this transaction, he was charged with one specification of wrongful sale of hashish and one specification of wrongful possession of hashish. At approximately 1900 hours on the same day, he was apprehended with the remaining nine pieces of hashish as he was about to sell them to another agent. As a result of this transaction, he was charged with one specification of wrongful possession of hashish.

Under the circumstances, I would hold these possession charges to be multiplicious for purposes of findings. In reality and in law there was only one possession of twelve pieces of hashish. The sale of a portion of the drug did not transfer the remainder into a separate possession. Accordingly, the charges should not have been fragmented into two offenses. It is an unreasonable multiplication of charges and as such multiplicious. If the appellant had objected at trial, the remedy would have been a consolidation of the two specifications into one. I agree with the majority, however, that the failure to object constitutes waiver. *See United States v. Huggins*, 12 M.J. 657, 660 (A.C.M.R.1981) (concurring opinion).

Because of the error in admitting the record of previous nonjudicial punishment, I would reassess the sentence.