**UNITED STATES, Appellee,**

v.

**Private (E–2) William A. ATCHISON, SSN 256–13–6812, United States Army, Appellant.**

**CM 441534.**

U. S. Army Court of Military Review.

14 May 1982.

Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio,

JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

The question before us is the admissibility of a record of nonjudicial punishment, as evidence of appellant's past conduct and performance relevant to the passing of sentence, when the record of punishment is claimed not to state an offense under the Uniform Code of Military Justice.

The document admitted into evidence by the military judge in this case (Department of the Army Form 2726 (December 1978)) showed that one of appellant's two offenses was that he did "without authority, fail to go at the time prescribed to [his] appointed place of duty, to wit: Company Formation. This is in violation of Article 86, UCMJ." The document also showed that, before deciding not to demand trial in lieu of nonjudicial punishment, appellant had consulted a lawyer. An appeal from the punishment finally imposed was considered by a judge advocate, who found that "[t]he proceedings were conducted in accordance with law and regulations. . . ." Record, Prosecution Exhibit 5.

The trial defense counsel objected to admission of this punishment record into evidence on the basis that the place of duty was not identified with sufficient precision to state an offense. Record, Transcript at 51–52. Cf. *United States v. Sturkey*, 50 C.M.R. 110 (ACMR 1975) (P.C.) (holding specification insufficient for trial by court-martial). The military judge nevertheless admitted the document into evidence. The objection has been renewed on appeal. We hold that the military judge ruled correctly.

■ Our holding is based on two separate, equally compelling grounds. Consequently, we reject the Government's concession that the offense was insufficiently set out and we do not reach the contention that the punishment record was nevertheless admissible because a second offense in the same document was alleged properly.

First, there is no requirement that the notification of intent to impose nonjudicial punishment follow the form specifications used in courts-martial—although the practice might be wise under legal guidance—or even that the same degree of specificity be used. The requirement is that the person to be punished be notified "of the nature of the alleged misconduct by a concise statement of the offense in such terms that a specific violation of the code is clearly stated." Manual for Courts-Martial, United States, 1969 (Revised edition), para. 133a. To the same effect, see Army Regulation 27–10, paragraph 3–14a (1980) and figure 3–2 note 2 (1981). We hold that the language of the notification quoted above from Prosecution Exhibit 5 sufficiently apprises the reader of misconduct in violation of Article 86(1) of the Uniform Code of Military Justice, 10 U.S.C. § 886(1) (1976). See *United States v. Nordstrom*, 5 M.J. 528, 529 (NCMR), pet. denied, 5 M.J. 306 (CMA 1978); see also *United States v. Sturkey*, 50 C.M.R. 110, 111 (ACMR 1975) (P.C.) ("reveille formation" a sufficient allegation in specification) (by implication).

■ Second, even if we were to regard the notification of misconduct as procedurally deficient, we find in this case no such "clear and affirmative showing of injury to a substantial right" as would now invalidate the punishment. Manual for Courts-Martial, United States, 1969 (Revised edition), para. 130; cf. *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953) (standard for post-trial attack on specifications). Unlike appellant, we do not regard *United States v. Negrone*, 9 M.J. 171 (CMA 1980), as opening the door to wholesale collateral attacks on the procedural aspects of nonjudicial punishments. Cf. *United States v. Mack*, 9 M.J. 300, 319 (CMA 1980) (Everett, C. J.) (accused has opportunity to explain or deny conduct, however).

The findings of guilty and the sentence are affirmed.