**UNITED STATES, Appellee,**

v.

**Private (E–1) Lowell K. STEVENS, SSN 448–68–5423, United States Army, Appellant.**

**SPCM 17322.**

U. S. Army Court of Military Review.

28 May 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major James F. Nagle, JAGC, and Captain Claudio F. Gnocchi, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before CARNE, KUCERA and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

In accordance with his pleas, the appellant was convicted of two specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976), and sentenced to a bad-conduct discharge, which was approved by the convening authority. The appellant now contends that evidence of a previous special court-martial conviction should not have been admitted because he had obtained a certificate of completion from the United States Army Retraining Brigade, which appellant contends is equivalent to a certificate of rehabilitation under Mil.R.Evid. 609(c). We hold that Mil.R. Evid. 609(c) applies only to use of convictions for impeachment purposes and is inapplicable to evidence of previous convictions on sentencing.

The appellant also contends that one of the three records of nonjudicial punishment which was admitted should have been excluded because the inception date of an AWOL alleged therein is illegible. We find no error because the inception date of the AWOL is clearly established by "independent credible evidence," *i.e.*, another prosecution exhibit. *See United States v. Mack*, 9 M.J. 300, 324 (C.M.A.1980); *United States v. Haynes*, 10 M.J. 694, 696 (A.C.M.R.1981).

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE absent.