**UNITED STATES**

v.

**Freddy YARBOUGH, 429 25 0295, Aviation Boatswain's Mate (Aircraft Handling) Third Class (E–4), U.S. Navy.**

**NMCM 89 0295.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 22 Sept. 1988.

Decided 9 Nov. 1989.

Charles R. Burke, Civilian Defense Counsel.

LT Nicholas Fitzgerald, JAGC, USNR, Appellate Defense Counsel.

LT John J. Mulrooney, II, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, STRICKLAND and RUBENS, JJ.

STRICKLAND, Judge:

In accordance with his pleas, appellant was found guilty of a single specification of assault with a means likely to produce grievous bodily harm in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. He was sentenced to a bad-conduct discharge, confinement for 30 days, forfeiture of $150.00 pay per month for one month, and reduction to pay grade E–3. The convening authority approved the sentence as adjudged.

We issued an opinion in this case on 11 October 1989. Pursuant to Rule 19, Courts of Military Review Rules of Practice and Procedure, we have, on our own motion, reconsidered our decision. Upon reconsideration, we withdraw our opinion of 11 October 1989, and substitute this opinion in its place.

The circumstances surrounding this offense occurred aboard ship. One week prior to the offense, the victim of the assault, a second class petty officer, approached appellant as he was removing personal items from a locker. The victim questioned appellant (also a second class petty officer at the time) as to why appellant had a locker in that particular location since it was in an area belonging to a division of which appellant was not a member. Appellant indicated that he had been given permission to use the locker and asked that they discuss the matter another time. One week later the victim again approached appellant and inquired whether appellant had moved out of the locker. Appellant stated at trial that the victim harassed him and "got in his face" and threatened to cut the lock if appellant didn't move. Appellant walked away from this confrontation. Later the same day, however, the victim approached appellant on the hanger deck and again harassed him concerning the locker. Once again appellant turned and walked away but the victim began to follow him in an apparent attempt to continue the confrontation. Appellant then spotted a steel rod about two feet long lying on the deck, picked it up, and swung it at the victim several times. The first two swings missed because the victim was able to dodge the blows. The third swing hit the victim in the upper arm between the elbow and shoulder but caused no serious injury.

Appellant was tried by a military judge, sitting alone as a special court-martial, 13 days later. During the sentencing phase of the trial, a record of appellant's nonjudicial punishment for a violation of Article 112a, UCMJ, 10 U.S.C. § 912a (*i.e.*, use of cocaine), was offered into evidence in aggravation. Trial defense counsel raised no objection to this evidence and it was admitted by the military judge. The nonjudicial punishment in question took place on 2 September 1988, 20 days prior to appellant's court-martial. On 9 September 1988, appellant submitted an appeal of this nonjudicial punishment and appellant's commanding officer endorsed the appeal to his superior for decision on 12 September 1988. At the time of appellant's trial, the appeal had not yet been decided.[1]

Following the Government's case in aggravation, the defense presented a strong case in extenuation and mitigation. Evidence indicated that appellant had three years of prior service with the U.S. Army and received an honorable discharge; that he was on his second enlistment with the Navy, had served for eight years, received another honorable discharge, and attained the grade of second class petty officer[2]; that he was consistently evaluated in the range of 3.8–4.0; and, that he had received several letters of appreciation as well as other awards. In addition, appellant's leading petty officer testified that appellant was a very good performer and should be retained in the Navy. Appellant testified that he was under stress at the time of the assault, did not mean to seriously harm the victim, recognized he was wrong, and would never engage in such conduct again. Appellant asked to be retained in the Navy.[3] Aside from the aforementioned nonjudicial punishment, appellant had no prior disciplinary record during his 13 years of military service.

Appellant raises three assignments of error on appeal. We find that appellant's pleas were provident and therefore find no merit in the first assignment of error. Because of our resolution of the second assignment of error, the last assignment of error is moot.

The second assignment of error alleges ineffective assistance of counsel in that the trial defense counsel failed to object to Prosecution Exhibit 1, the record of appellant's nonjudicial punishment for a violation of Article 112a, UCMJ. Appellant now asserts that since an appeal of this nonjudicial punishment was pending at the time of trial, the nonjudicial punishment was not final and thus was inadmissible.

The Government contends that there was no ineffective assistance of counsel on the theory that defense counsel failed to object for "tactical" reasons and that his strategy was successful as evidenced by the lenient sentence adjudged. In the alternative, the Government argues that even if the evidence could have been excluded by an appropriate objection and even if it was error by the defense counsel in failing to object, the error did not result in prejudice to appellant since his punishment was less than both the maximum permitted and the sentence limitation of the pretrial agreement. We do not agree with either of these theories.

■ The first question we must resolve is whether evidence of a nonjudicial punishment, not yet final, is admissible as aggravation in a court-martial proceeding. While we have found no authority directly on point, we have found authority which is persuasive in resolving this issue.

A line of cases has dealt with the completeness of the form containing the record of nonjudicial punishment in relation to the admissibility of that form. Failure to

---

1. The appeal was ultimately denied on 7 October 1988.

2. Although appellant had attained the grade of second class petty officer he had been reduced to a third class petty officer as a result of the nonjudicial punishment for use of cocaine and appeared at trial as a third class petty officer.

3. In addition, appellant attempted to explain the nonjudicial punishment entered in aggravation by denying that he had ever used cocaine and stating that he believed the test was erroneous. He further testified that he believed that the victim of the offense before the court was harassing him because he had been to an Article 15 proceeding for drug use.

check boxes on the form indicating whether an appeal had been elected rendered the form inadmissible because of incompleteness. *United States v. Mack,* 9 M.J. 300 (C.M.A.1980). Similarly, the record of non-judicial punishment form has been found to be incomplete, and thus inadmissible, where the form indicated that an appeal had been elected but did not indicate the appellate action taken on the appeal. *United States v. Burl,* 10 M.J. 48 (C.M.A.1980); *United States v. Gordon,* 10 M.J. 31 (C.M.A.1980). The determinative factor in these cases is whether the record of nonjudicial punishment is complete. Completeness, however, is directly related to the status of any appeal of nonjudicial punishment. Where that status is uncertain, indicating questionable finality of the Article 15 proceeding, the document is incomplete and inadmissible.

A similar result is reached in regard to publishing the results of nonjudicial punishment. Commanding officers may publish the disposition of nonjudicial punishment cases in the plan of the day, on bulletin boards, or at daily formation within one month of the disposition of the nonjudicial punishment or, if the punishment is appealed, within one month of the date the appeal is denied. Manual of the Judge Advocate General 0107. Again, finality of the nonjudicial punishment proceeding is determinative of the ability to use the results.

The Manual for Courts–Martial, United States, 1984, is silent regarding the use of records of nonjudicial punishment which are pending appeal. However, the rule governing the use of prior convictions of an accused is helpful. Rule for Court–Martial 1001(b)(3)(B) provides, in pertinent part, "The pendency of an appeal therefrom does not render evidence of a conviction inadmissible except that a conviction by summary court-martial or special court-martial without a military judge may not be used for purposes of this rule until review has been completed pursuant to Article 64 or Article 66...." If a special court-martial without military judge and a summary court-martial may not be used in aggravation while an appeal is pending, it does not seem logical that the admissibility of nonjudicial punishments should have a preferred status under similar circumstances.

Based on all of these persuasive matters we hold that a record of nonjudicial punishment is inadmissible as evidence in aggravation at a court-martial where the nonjudicial punishment is not final due to the pendency of an appeal.

■ We must next resolve whether trial defense counsel's failure to object to this inadmissible evidence constitutes ineffective assistance of counsel. In doing so, we apply the two-step test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in which there must be a showing, first, that counsel's representation was deficient to the point that it fell below an objective standard of reasonableness and, second, that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. As we previously noted, there was no authority directly on point governing the admissibility of records of nonjudicial punishment while pending appeal. Thus, even though there existed persuasive matters which one might have relied on to argue against admissibility, we find that defense counsel's representation did not fall below an objective standard of reasonableness. Accordingly, we find no ineffective assistance of counsel.

■ Still unresolved, however, is the effect of the military judge's consideration of the record of nonjudicial punishment which we have found inadmissible. Even though appellant committed a serious offense, the record indicates that the victim was not seriously injured as a result of appellant's action. In weighing this offense against appellant's outstanding record of 11 years of service and the testimony of his superior, we believe that the military judge was strongly influenced by appellant's recent use of cocaine while a second class petty officer, as indicated by the record of nonjudicial punishment. We further believe that this matter in aggravation was most likely the determinative factor in the military judge awarding a bad-conduct discharge. Consequently, we find that the military

judge's consideration of this inadmissible evidence, to which the defense counsel failed to object, resulted in plain error under these circumstances. *See United States v. Huffman,* 25 M.J. 758 (NMCMR 1987).

■ In considering an appropriate remedy, a rehearing on sentence would not place appellant in the same position as he occupied at the time of trial since the appeal of appellant's nonjudicial punishment is now final and could now be properly offered against him. Therefore, a reassessment of the sentence by this Court is appropriate. Accordingly, the findings and only so much of the sentence as approved on review below as provides for confinement for 30 days, forfeiture of $150.00 pay per month for one month, and a reduction to pay grade E–3 are affirmed.

Senior Judge ALBERTSON and Judge RUBENS concur.