UNITED STATES, Appellee,

v.

Freddy YARBOUGH, Aviation Boat-
swain's Mate (Aircraft Handling),
Third Class, U.S. Navy.

No. 65,331.
NMCM 890295.

U.S. Court of Military Appeals.

Argued April 23, 1991.

Decided Sept. 12, 1991.

For Appellant: *Major Joseph B. Gilbert,
USMC* (argued).

For Appellee: *Lieutenant Commander
Lawrence W. Muschamp, JAGC, USN* (ar-
gued); *Commander Thomas W. Osborne,
JAGC, USN* (on brief); *Lieutenant John J.
Mulrooney II, JAGC, USNR.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant was tried by a special court-
martial composed of a military judge sit-
ting alone at the Naval Legal Service Of-
fice, Philadelphia, Pennsylvania, on Sep-
tember 22, 1988. In accordance with his
pleas, he was found guilty of aggravated
assault, in violation of Article 128, Uniform
Code of Military Justice, 10 USC § 928.
The military judge sentenced him to a bad-
conduct discharge, confinement for 30
days, forfeiture of $150.00 pay for 1 month,
and reduction to E–3. The convening au-
thority approved the adjudged sentence on
December 25, 1988.

A panel of the Court of Military Review
initially disapproved the punitive discharge
on October 11, 1989, in an unpublished
opinion. It held that a record of a prior
nonjudicial punishment for cocaine use in
August 1988 was erroneously admitted as
sentencing evidence at appellant's court-
martial. On November 9, 1989, the panel,
on its own motion, reconsidered its deci-
sion, withdrew the original opinion, but
again set aside the punitive discharge. 30

MJ 1114. The Government sought reconsideration *en banc,* which the Court of Military Review granted on December 5, 1989. The court, sitting *en banc,* on June 15, 1990, reversed the earlier decision and affirmed the adjudged sentence by a six to three vote. 30 MJ 1292.

 On November 29, 1990, this Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE SHOULD NOT HAVE CONSIDERED THE RECORD OF A NONJUDICIAL PUNISHMENT IN THIS CASE, WHERE APPELLANT HAD AN OTHERWISE OUTSTANDING RECORD, AND THE PUNISHMENT WAS PENDING APPEAL.

We hold that trial defense counsel's failure to object to admission of this evidence at trial waived the defect in the form of the record now asserted by appellate counsel. *See* Mil.R.Evid. 103(a), Manual for Courts–Martial, United States, 1984; Fed.R.Evid. 103(a). Moreover, in view of other circumstances of this case, we find that no plain error occurred. Mil.R.Evid. 103(d). *See United States v. McLemore,* 10 MJ 238 (CMA 1981); *United States v. Hayes,* 9 MJ 331 (CMA 1980).

Appellant's court-martial took place on September 22, 1988. Then–Judge Willever, in his opinion below, succinctly stated the facts of this case, as follows:

> Appellant was tried by a military judge sitting as a special court-martial 13 days after the assault. During the sentencing phase of the trial, a record of appellant's nonjudicial punishment for a violation of Article 112a, UCMJ, 10 USC § 912a (use of cocaine), was offered into evidence in aggravation. Trial defense counsel raised no objection to this evidence and it was admitted by the military judge as Prosecution Exhibit 1. The nonjudicial punishment in question took place on 2 September 1988, 20 days prior to appellant's court-martial. On 9 September 1988, appellant submitted an appeal of this nonjudicial punishment and on 12 September 1988 appellant's commanding

> officer endorsed and forwarded the appeal with his recommendation and rationale for denial to his superior for decision. At the time of appellant's trial, the appeal, ultimately denied, had not yet been decided.

30 MJ at 1294. In an earlier opinion of the court below, it was also noted that the appeal of appellant's nonjudicial punishment was denied on October 7, 1988. 30 MJ at 1116 n.1.

---

Appellant asserts as a matter of law that a record of nonjudicial punishment cannot be admitted as sentencing evidence at a court-martial unless it reflects that the appeal process has been completed and that the punishment is final. He bases this assertion on the uniformity requirement for military rules of evidence and procedure found in Article 36(b), UCMJ, 10 USC § 836(b), and court-martial practice in several sister services. He also intimates that his legal claim is grounded on a right of the servicemember to military due process and references paragraph 7(d), Part V, Manual for Courts–Martial, United States, 1984, and § 0104(f), Manual of the Judge Advocate General of the Navy. He concludes by asserting that plain error occurred at his court-martial when the military judge admitted a record of a prior nonjudicial punishment without a specific block for recording finality.

To evaluate this argument, recourse to several pertinent provisions of military law is necessary. Article 36(a) provides:

> (a) Pretrial, *trial,* and post-trial *procedures, including modes of proof, for cases arising under this chapter triable in courts-martial,* military commissions and other military tribunals, and procedures for courts of inquiry, *may be prescribed by the President by regulations* which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but *which may not be contrary to or inconsistent with this chapter.*

(b) *All rules and regulations made under this article shall be uniform insofar as practicable* and shall be reported to Congress.

(Emphasis added).

Reflective of this power, the President promulgated Mil.R.Evid. 402, which states:

*All relevant evidence is admissible, except as otherwise provided by* the Constitution of the United States as applied to members of the armed forces, *the code,* these rules, this Manual, or any Act of Congress applicable to members of the armed forces. Evidence which is not relevant is not admissible.

(Emphasis added.) *See* Fed.R.Evid. 402.

Finally the President, pursuant to Article 36, promulgated RCM 1001(b)(2), Manual, *supra,* which states:

(2) *Personal data and character of prior service of the accused. Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused evidence* of the accused's marital status; number of dependents, if any; and character of prior service. *Such evidence includes* copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and *evidence of any disciplinary actions including punishments under Article 15.*

*"Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations* that reflect the past military efficiency, conduct, performance, and history of the accused. If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived.

(Emphasis added.)

As noted earlier, appellant asserts for the first time on appeal that a naval record of nonjudicial punishment was not admissible as government sentencing evidence at his court-martial. He concedes that this form, Court Memorandum NAVPERS 1070/607 (Rev. 12/75) (*see* appendix), was completed in accordance with appropriate service regulations as required by RCM 1001(b)(2). Nevertheless, he claims its admission at his trial violated the uniform rule requirement of Article 36(b). He supports this contention by asserting that a record of a nonjudicial punishment pending appeal would not have been admissible at a court-martial under Army, Air Force, or Marine Corps regulations. *See generally United States v. Negrone,* 9 MJ 171 (CMA 1980). Consequently, he concludes that the unique and unjustified Navy form reporting nonfinal nonjudicial punishments should not have been admitted at his court-martial.

We first note that Mil.R.Evid 402 (*see* Fed.R.Evid. 402) is not the only rule of evidence promulgated by the President pursuant to Article 36 which might be applicable in this case. Mil.R.Evid. 103(a)(1) states:

Rule 103. Rulings on evidence

(a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; ...

*See* Fed.R.Evid. 103(a)(1). In appellant's case, there was no objection whatsoever to admission of the record of nonjudicial punishment.

We also note that no evidentiary foundation was laid establishing a contrary practice for recording or admitting as trial evidence nonjudicial punishments in the Army, Air Force, or Marine Corps. Moreover, the defense proffered no evidence suggesting that appellant had appealed his prior nonjudicial punishment or that such an appeal was still pending at the time of admission

of this record. In this context, a finding of waiver as to a possible uniformity defect in this form and a finding of no plain error is clearly appropriate. *See United States v. McLemore* and *United States v. Hayes,* both *supra.*

Appellant, pursuing a related but somewhat different tack, suggests that the Navy form was legally defective on its face because it failed to fully record the nonjudicial appeal process provided in Article 15(e), UCMJ, 10 USC § 815(e). He implies that, as a matter of "military due process," the finality of a nonjudicial punishment was required to be noted on its official record prior to its admission at a court-martial. Assuming such a legal requirement does exist (*see* Art. 15(g)), we are still not persuaded that plain error occurred as a result of admission of a defective form at appellant's trial. *See United States v. McLemore* and *United States v. Hayes,* both *supra.*

Several reasons exist for our reluctance to depart from our precedent, even for this type of form error. First, Article 15(g) and the Manual provision governing admission of records of nonjudicial punishment for sentencing at courts-martial, RCM 1001(b)(2), clearly contemplate service secretary discretion as to the form of the Article 15 record. *See also* para. 8, Part V, Manual, *supra.* Second, the NAVPERS form itself at least provides a block for noting successful appeals which, if left blank and unexplained, reasonably suggests, *inter alia,* that no appeal was pending. Third, a companion Manual provision, RCM 1001(b)(3),* provides for admission of convictions at some types of court-martial before they are final. *See* Drafters' Analysis of RCM 1001(b)(3), Manual, *supra* at A21–63 (Change 3). Finally, this Naval form has been in use at courts-martial for many years without being struck down as *per se* defective. *See United States v. McLemore* and *United States v. Hayes,* both *supra.* All these circumstances suggest that the military judge had good cause for not *sua sponte* rejecting this naval form on finality grounds. *Id.* Cf. *United States v. Negrone, supra.*

The en banc decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.

---

* (3) *Evidence of prior convictions of the accused.*

 (A) *In general.* The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

 \* \* \*

 (B) *Pendency of appeal.* The pendency of an appeal therefrom does not render evidence of a conviction inadmissible except that a conviction by summary court-martial or special court-martial without a military judge may not be used for purposes of this rule until review has been completed pursuant to Article 64 or Article 66, if applicable. Evidence of the pendency of an appeal is admissible.

 (C) *Method of proof.* Previous convictions may be proved by any evidence admissible under the Military Rules of Evidence.

P601-7R

**COURT MEMORANDUM**

| 1. DATE SUBMITTED | 2. SHIP OR STATION AND LOCATION | | |
|---|---|---|---|
| 88SEP02 | USS SAIPAN (LHA-2) AT PHILADELPHIA, PA | | |

| 3. DATE OF REFERRAL | 4. TYPE OF COURT | 5. DATE OF COURT | 6 UCMJ ARTICLE(S) |
|---|---|---|---|
| | NJP | 88SEP02 | 112a |

| 7. DATE OF ACTION | TYPE OF ACTION | 9. MODIFICATION OF ACTION | 10. CORRECTION TO PREVIOUS 1070/607 | 11 DATE OF SUBMISSION ON 1070/607 MOD OR CORRECTED |
|---|---|---|---|---|
| 88SEP02 | [X] 8. REPORT OF ACTION | | | |

| [X] 12. RATE ADJUSTMENT | 13. FROM | 14. TO | 15. TIR | |
|---|---|---|---|---|
| | ABH2 | ABH3 | 88SEP02 | |

| [X] 16. FORFEITURE | 17. MONTHLY AMT. | 18. NO. MONTHS | | |
|---|---|---|---|---|
| | $ 530.00 | 2 | | |

| [ ] 19. FINE | 20. AMOUNT | 21. CONSENT TO CHECKAGE | 22. DOES NOT CONSENT TO CHECKAGE | 23. MO. AMT. OF CHECKAGE | 24. NO. MOS. |
|---|---|---|---|---|---|
| | $ | [ ] | [ ] | $ | |

| [ ] 25. DETENTION | 26. MONTHLY AMT. | 27. NO. MONTHS | 28. DETENTION REFUND DATE | |
|---|---|---|---|---|
| | $ | | | |

| 29. DESERTION MARK REMOVED | [ ] 30. ADJUDGED | 31. ADJUDGED AND DIS-APPROVED | | |
|---|---|---|---|---|
| PRE TRIAL CONFINEMENT 32 FROM | 33. TO: | 34. DAYS LOST TIME (30 DAY BASIS) | 35. DAYS LOST TIME (DAY FOR DAY) | |
| CONFINEMENT ORDERED AND COMPLETED 36. FROM: | 37. TO: | 38. DAYS LOST TIME (30 DAY BASIS) | 39. DAYS LOST TIME (DAY FOR DAY) | |
| 40. CHANGE EAOS TO: | 41. CHANGE EXP. ENL. TO: | | | |

**42. SYNOPSIS OF OFFENSE(S), DATE(S), AND SENTENCE ADJUDGED (ALSO AMPLIFYING REMARKS, MAY BE CONTINUED ON REVERSE)**

88SEP02: CO'S NJP; DOF: 88AUG16-18; NOF: VIOL UCMJ ART 112a - USE OF A CONTROLLED SUBSTANCE (COCAINE). NJP AWARDED: REST & ED X 45 DAYS, FOP $5830.00 X 02 MOS AND RIR TO E-4.

DATE IDENTIFICATION AND RESUME OF CONVENING, SUPERVISORY, OR OTHER AUTHORITY INCLUDING ACTION UNDER ARTICLES 65, 66, 67, 69, 72, 73, 74, OR 1S (D) OR (E), UCMJ, (ALSO ANY APPEAL)

| 43. 1070/607 DTD | 44. AUTHORITY TYPE |
|---|---|
| | |

45.

(MAY BE CONTINUED ON REVERSE)

| 46. (SIGNATURE) BY DIRECTION | GRADE |
|---|---|

ALBERT Y. WONG, LTJG, USN, LEG OFF, BYDIRCO, USS SAIPAN (LHA-2)

| 47. UNIT I.D. CODE | 48. RATE |
|---|---|
| 20632 | ABH3 |

| 49. NAME (LAST, FIRST, MIDDLE) | 50. SSN | 51. BRANCH CLASS |
|---|---|---|
| YARBOUGH, FREDDY NMN | 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 | USN |

COURT MEMORANDUM NAVPERS 1070/607 (REV. 12-75) S/N 0106-LF-010-6960

* US GOVERNMENT PRINTING OFFICE 1982 —381-329 X-1005

**RETAIN IN SERVICE RECORD**

PE 1 frid P 1 of 1