UNITED STATES, Appellee,

v.

Charles E. BRYAN, Machinist's
Mate Fireman Recruit, U.S.
Navy, Appellant.

No. 66,264.

NMCM 90–1388.

U.S. Court of Military Appeals.

Submitted Aug. 7, 1991.

Decided Sept. 30, 1991.

For Appellant: *Captain John E. Corcoran*, JAGC, USNR–R, and *Lieutenant Robert E. Wallace*, JAGC, USNR (on brief).

For Appellee: *Commander Thomas W. Osborne*, JAGC, USN, and *Lieutenant Ralph G. Stiehm*, JAGC, USNR (on brief).

PER CURIAM:

Pursuant to his pleas, appellant was found guilty by a military judge sitting as a special court-martial of two specifications of unauthorized absence and one specification of breaking restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. The military judge sentenced him to a bad-conduct discharge, confinement for 100 days, and partial forfeitures for 4 months. The convening authority reduced the confinement period to 60 days and otherwise approved the sentence. The Court of Military Review affirmed the approved findings and sentence in an unpublished opinion on December 7, 1990.

We granted appellant's petition for review and specified the following issue:

WHETHER THE U.S. NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED WHEN IT HELD THAT TRIAL DEFENSE COUNSEL WAIVED ANY ISSUE AS TO ADMISSIBILITY OF PROSECUTION EXHIBITS 4 AND 5, COURT MEMORANDUMS (NAVPERS 1070/607) WHICH WERE INCOMPLETE ON THEIR FACE.

We now conclude that this record of trial should be remanded to the Court of Military Review for reconsideration in light of our recent decision in *United States v. Yarbough*, 33 MJ 122 (CMA 1991).

In returning the record to the Court of Military Review, we note that our specified issue erroneously refers to prosecution exhibits 4 and 5 instead of 3 and 4 and that exhibit 3 consists of an acknowledgment of rights of a summary court-martial signed by appellant herein. We also note that the Government, in its brief before us, has addressed admissibility of a "service record page P601–7R Court Memorandum" and that appellant addresses admissibility of "NAVPERS 1070/607 Court Memorandum." Finally, we recognize that prosecution exhibit 4 in this record is not the identical form as that considered in *United States v. Yarbough, supra,* although it reflects the information required by NAVPERS 1070/607 Court Memorandum. Clarification of these matters with particular reference to applicable service regulations should be addressed by the court below in its further review of this case.

The decision of the United States Navy–Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for further review.